UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Yong Du, Xiaoying Luo, Individually and on behalf of all
other employees similarly situated,

                              Plaintiff,

              - against -

DJ KITCHEN LLC. dba DJ KITCHEN, Nan Zhao aka Lan
Zhao, Joe Chen, "A Ming"

                    Defendants.

Case No.

**COLLECTIVE AND CLASS
ACTION COMPLAINT**

## <u>COMPLAINT</u>

Plaintiff Yong Du ("Du"), Xiaoying Luo ("Luo") on their own behalf and on behalf of all

other similarly situated employees(hereafter Plaintiffs) of Defendants DJ KITCHEN LLC. dba DJ

KITCHEN, Nan Zhao aka Lan Zhao, Joe Chen(Legal Name Unknown), "A Ming" (Legal Name

Unknown) (collectively "Defendants"), by and through their counsel of record, HANG &

ASSOCIATES, PLLC bring this Complaint (the "Complaint") against Defendants, and allege,

upon personal belief as to him and his own acts, and as for all other matters upon information and

belief, and/or based upon the investigation made by their counsel, as follows:

## <u>NATURE OF THE ACTION</u>

1.    Plaintiffs bring this Complaint contending that Defendants have improperly failed to pay

overtime compensation to their employees, who work in Defendants' restaurant in Pennsylvania,

pursuant to the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

(the "FLSA"), and have failed to comply with the Pennsylvania Wage Payment and Collection

Law ("WPCL"), 43 P.S. § 260.8, *et seq.*, and violated Pennsylvania common law.

2.    Plaintiff Du was employed by Defendants as a line cook, Plaintiff Luo was employed as a

line cook and a kitchen helper at Defendants' Restaurant.

3.    During their employment with Defendants, when Plaintiffs and all similarly situated employees worked more than forty (40) hours per week, they were not properly compensated for their overtime hours pursuant to the FLSA and the PMWA.

4.    As a result of Defendants' improper and willful failure to pay its employees in accordance with the minimum wages and overtime requirements of the FLSA and the PMWA, Plaintiffs and all similarly situated employees have suffered damages.

5.    Plaintiffs bring this action to seek redress for Defendants' unlawful and improper conduct.

## JURISDICTION AND VENUE

6.    The Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer...in any Federal or State court of competent jurisdiction."

7.    In addition, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 133l.

8.    The Court has jurisdiction over Plaintiff PMWA claim pursuant to 28 U.S.C. § 1367.

9.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendants maintain a principle place of business in this District and a substantial part of the events which gave rise to this litigation occurred in this District.

## PARTIES

10.    Plaintiff Yong Du currently resides at Queens, New York.  Mr. Du was employed at the Defendants' business DJ KITCHEN LLC. dba DJ KITCHEN, from around March 21, 2019 to May 9, 2021.

11.     Plaintiff Xiaoying Luo currently resides at Queens, New York. Ms. Luo was employed at Defendants' business DJ KITCHEN LLC. dba DJ KITCHEN, From around March 22, 2019 to September 30, 2020.

12.     Defendants DJ KITCHEN LLC. dba DJ KITCHEN is incorporated in the Philadelphia of Pennsylvania and is registered to transact business in the Philadelphia of Pennsylvania. Upon information and belief, Defendant DJ KITCHEN LLC. dba DJ KITCHEN's corporate headquarters is located in this District, at 4040 City Ave, Philadelphia, PA 19131.

13.     Upon information and belief, Defendant Nan Zhao aka Lan Zhao is an owner, officer, shareholder, and manager of DJ KITCHEN LLC. dba DJ KITCHEN. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at DJ KITCHEN LLC. dba DJ KITCHEN, establish their wages, set their work schedules, and maintain their employment records.

14.     Upon information and belief, Defendant Joe Chen is an owner, officer, shareholder, and manager of DJ KITCHEN LLC. dba DJ KITCHEN. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees of DJ KITCHEN LLC. dba DJ KITCHEN establish their wages, set their work schedules, and maintain their employment records.

15.     At all times relevant to this action, Defendants were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA and has had an annual gross volume of sales of not less than $500,000.00.

16.     Defendants DJ KITCHEN LLC. dba DJ KITCHEN is Plaintiff's employer with the meaning of the FLSA and PMWA.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

17.    This action is brought on behalf of the following class for purposes of the collective action provisions set forth in 29 U.S.C. § 216(b) of the FLSA:

18.    All individuals who were employed by Defendants at "DJ KITCHEN LLC. dba DJ KITCHEN" at 4040 City Ave, Philadelphia, PA 19131 during the past three years (the "Collective Action Members").

19.    Plaintiffs bring this case as a collective action to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and damages owed to Plaintiffs and all similarly situated employees of Defendants.

20.    Plaintiffs estimate that there are at least 40 members of the Class who have been uniformly affected by Defendants' improper compensation and overtime policies and practices. The precise number of class members can be easily ascertained by Defendants using their payroll and personnel records. Given the composition and size of the class, potential opt-in class members may be informed of the pendency of this Collective Action by posting notices at the Defendants' restaurant locations or alternatively by direct mail.

21.    This action is properly maintained as a collective action because Plaintiffs are similarly situated to the collective action members they seek to represent. Plaintiffs and similarly situated restaurant employees were subject to the same uniform job description, compensation and overtime policies and practices, manuals, guidelines, scripts, standards, and operational procedures and practices. Further, Defendants' willful policy or practice, whereby they have failed to pay its employees proper compensation and overtime for all hours worked have affected Plaintiffs and similarly situated employees in the same fashion.

4

22.     Plaintiffs request the Court to authorize prompt notice to the Class to inform them of the pendency of this action and of their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages and overtime compensation and liquidated damages and other penalties under the FLSA.

## FACTUAL ALLEGATIONS

23.     At all relevant times Defendants owned and operated "DJ KITCHEN LLC. dba DJ KITCHEN" at 4040 City Ave, Philadelphia, PA 19131.

24.     Upon information and belief, Defendants employ about 3 or 4 employees at any one time in their restaurant. Plaintiffs and a large number of Defendants' other employees have not received their: (i) wages for all hours worked; and (ii) overtime pay as required by the FLSA and PMWA.

### Plaintiff Du

25.     Plaintiff Du was employed as a link cook and kitchen helper at DJ Kitchen located 4040 City Ave, Philadelphia, PA 19131.

26.     From around March 21, 2019, to May 9, 2021, Plaintiff Du was primarily employed as a line cook, with job duties including cooking dishes and prepare ingredients.

27.     Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until present, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital providing chef, server, delivery and other general restaurant services.

28.     From March 21, 2019, until March 2020, Plaintiff Du received a fixed salary of $5200 per month, paid with a check around $870 per month and cash in remaining. The cash payment was handed in an envelope and Plaintiff Du was required to sign on a notebook for payments she received.

29.     From March 21, 2019, until March 2020, Plaintiff worked six days per week, with Monday off. In a week, Plaintiff Du would work from 11:00 am to 10:00 pm from Tuesday to Saturday, and working from 11: 30 am to 10:00 pm on Sunday, without an uninterrupted break time for 30 minutes. Specifically, Plaintiff Du worked for about 65.5 hours per week.

30.     Starting from April 2020, to May 9, 2021, Plaintiff Du received a fixed salary of $200 per day he worked, and he would receive payment every two weeks including a $1000 check and remaining in cash.

31.     From April 2020 to mid-June 2020, Plaintiff Du worked for five days a week with Monday and Thursday off. He kept the same schedule: working from 11:00 am to 10:00 pm from Tuesday to Saturday except Thursday, and working from 11: 30 am to 10:00 pm on Sunday without an uninterrupted break time for 30 minutes. Specifically, Plaintiff Du worked for about 54.5 hours per week.

32.     From mid-June 2020 to the end of September 2020, Plaintiff Du worked for four days a week with Monday, Thursday and Saturday off. He kept the same the schedule: working from 11:00 am to 10:00 pm for Tuesday, Wednesday and Friday, and working from  11: 30 am to 10:00 pm on Sunday without an uninterrupted break time for 30 minutes. Therefore, he worked for about 43.5 hours per week.

33.     From October 5, 2020, to the end of March 2021, Plaintiff Du worked for five days a week with Monday and Thursday off. He kept the same the schedule: working from 11:00 am to 10:00 pm from Tuesday to Saturday except Thursday, and working from 11: 30 am to 10:00 pm on Sunday without an uninterrupted break time for 30 minutes. Specifically, Plaintiff Du worked for about 54.5 hours per week.

34.     From the end of March 2021 to May 9, 2021, Plaintiff worked for six days a week with Monday off. He kept the same schedule: Plaintiff Du would work from 11:00 am to 10:00 pm from Tuesday to Saturday, and working from 11: 30 am to 10:00 pm on Sunday, without an uninterrupted break time for 30 minutes. Specifically, Plaintiff Du worked for about 65.5 hours per week.

35.     Defendants have a policy of delaying the payment during Plaintiffs' employment.

36.     During the employment period, Plaintiff made several complains to Defendants about the delaying the payments and required Defendants to pay the unpaid wages. In May 2021, when again, Plaintiff Du requested his payments, Mr. Lan Zhao called and fired Plaintiff Du. Specifically, Mr. Lan Zhao said: "No other employees ever ask for unpaid wages."

**Plaintiff Luo**

37.     Plaintiff Luo was employed as a link cook and kitchen helper at DJ Kitchen located 4040 City Ave, Philadelphia, PA 19131.

38.     From around March 22, 2019, to September 30, 2021[1], Plaintiff Luo was primarily employed as a line cook, with job duties including prepare ingredients and cooking appetizers.

39.     From March 22, 2019, until September 30, 2020, Plaintiff Luo received a fixed salary of $2500 per month, paid with a check around $850 per month and cash for remaining. The cash payment was handed in an envelop and Plaintiff Luo was required to sign on a notebook for payments she received.

40.      During the employment period, Plaintiff Luo worked six days per week, with Sunday off. In a week, Plaintiff Luo worked from 11:00 am to 10:00 pm for each day, without an uninterrupted break time for 30 minutes. Specifically, Plaintiff Luo worked for about 66 hours per week.

---

[1] Plaintiff Luo was on a vacation around October 21, 2019, to November 10, 2019.

41.    At no point during Plaintiff Luo' employments with Defendants, were they ever required to utilize any means of recording or verifying their hours worked (e.g., punch clock, sign-in sheet, fingerprint or ID scanner).

42.    Plaintiff Luo's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

43.    The work performed by Plaintiff Luo required little skill and no capital investment.

44.    Plaintiff Luo did not supervise other employees, did not have hiring and firing authority and their job duties did not include managerial responsibilities or the exercise of independent business judgment.

45.    Plaintiff Luo often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff compensation for hours worked in excess of forty hours per week, including overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, PMWA and the supporting regulations.

46.    In addition to the Plaintiff Luo, during the time period Defendants usually employed at least forty (40) other employees simultaneously.

47.    Such individuals have worked in excess of 40 hours a week providing cashier, cook, chef, waiter/waitress, food preparation, dish washer and cleaning, bookkeeping, delivery and other general restaurant services, yet the Defendants have likewise willfully failed to pay them for all hours worked at their agreed-upon rates as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the PMWA.

48.    To Plaintiff Du' knowledge, the restaurant's gross revenue was $50, 000 to $60, 000 per month when he first worked there, then about $70, 000  to $80, 000 per month and sometimes $100, 000  per month. During the lockdown of pandemic 2020, the restaurant made about $40, 000

per month. Plaintiff usually cooks at least 80 dishes per day on average, and the average price of each dish is about $13. During the lockdown, Plaintiff usually cooked more than 40 or 50 dishes per day.

49.     As stated, the exact number of such individuals is presently unknown but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

50.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff' own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants routinely required Plaintiff and the Collective Action Members/the Class to work long days and weekends such that they were required to work well in excess of forty (40) hours per week.

51.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff' own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

52.     This practice violates the FLSA and the PMWA. See 29 U.S.C. § 207(a)(I). As a result of Defendants' unlawful practice, Plaintiff and the Collective Action Members/the Class have suffered a loss of wages to which they are entitled under the FLSA and PMWA.

53.     Defendants knew or showed reckless disregard for the fact that its failure to pay its employees overtime compensation was in violation of the FLSA and the PMWA.

**COUNT II**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *et seq.***
**(OVERTIME)**

54.     Plaintiff re-allege and incorporate by reference, all preceding paragraphs.

55.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for

"commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiff are covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

56.    At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

57.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.  To Plaintiff Du' knowledge, the restaurant's gross revenue was $50, 000 to $60, 000 per month when he first worked there, then about $70, 000  to $80, 000 per month and sometimes $100, 000  per month. During the lockdown of pandemic 2020, the restaurant made about $40, 000  per month.

58.    Plaintiff usually cooks at least 80 dishes per day on average, and the average price of each dish is about $13. During the lockdown, Plaintiff usually cooked more than 40 or 50 dishes per day.

59.    Section 207(a)(I) of the FLSA states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week. Plaintiff and similarly situated employees regularly worked more than 40 hours per week, but were not paid overtime. Defendants failed to pay overtime wages to Plaintiff and similarly situated employees.

60.    Defendants failed to accurately record actual hours worked by its employees.

61.    The foregoing actions of Defendants violate the FLSA.

62.    Defendants' actions were willful and not in good faith.

63.    Defendants are liable to Plaintiff and similarly situated employees for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT
## 43 P.S. §§ 333.101 *et seq.*
## (MINIMUM WAGES/OVERTIME)

64.    Plaintiff re-allege and incorporate by reference, all preceding paragraphs.

65.    At all times relevant to the within Complaint, Defendants were employers as defined by the Pennsylvania Minimum Wage Act ("PMWA") 43 P.S. § 333.103(g) who employed Plaintiff to perform as waiters and kitchen helpers. 43 P.S. § 333.103(f).

66.    By failing to compensate Plaintiffs at the applicable minimum wage for all hours worked in each workweek, along with overtime premium, Defendant has violated the PMWA, 43 P.S. § 333.104(a).

67.    The PMWA requires that covered employees be compensated for every hour worked in a workweek. See 43 P.S. § 333.l04(a).

68.    The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 43 P.S. § 333.104(c).

69.    Plaintiffs and the Class are covered employees entitled to the PMWA's protections.

70.    Plaintiffs and other members of the Class are not exempt from receiving PMWA overtime benefits.

71.    Defendants are employers required to comply with the PMWA's mandates.

72.    Defendants violated the PMWA by failing to pay Plaintiff and other members of the Class proper compensation for all hours worked and for time spent working in excess of 40 hours during the workweek.

73.    In violating the PMWA, Defendants acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## COUNT III
## PENNSYLVANIA MINIMUM WAGE ACT
## 43 P.S. § 333.108
## WAGE PAYMENT AND COLLECTION LAW
## 43 P.S. § 260.8
## (FAILURE TO MAINTAIN RECORDS)

74.    Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

75.    Pursuant to 43 P.S. §§ 333.108 and 260.8, and the regulations implementing these laws, including 34 Pa. Code §§ 231.31 and 231.36, defendants were required to keep and maintain records containing the total hours worked each day and each workweek and other information, for a period of three years and were required to furnish to each employee a statement with every payment of wages, listing, among other things, the hours worked, rates paid, gross wages, deductions and net wages.

76.    Upon information and belief, defendants failed to maintain true, accurate and complete records containing information regarding the total hours worked each day and workweek for the Plaintiffs and the Pennsylvania Class and failed to furnish Plaintiffs and the Pennsylvania Class with such information. The conduct of defendants was and is unlawful and in violation of the MWA and the regulations implementing the MWA and in violation of the WPCL.

## COUNT IV
## PENNSYLVANIA COMMON LAW
## PENNSYLVANIA MINIMUM WAGE ACT
## 43 P.S. § 333.101
## WAGE PAYMENT AND COLLECTION LAW
## 43 P.S. § 260.3
## (BREACH OF CONTRACT)

77.    Plaintiff re-allege and incorporate by reference, all preceding paragraphs.

78.    The conduct of the Plaintiff and members of the Class and the defendants, including the promise of the defendants to pay Plaintiff and members of the Class all amounts due to them in compliance with state and/or federal law in exchange for the performance by Plaintiff and the

members of the Classes of the duties of their employment, including their performance of their duties as restaurant employees, constitutes a valid contract between the parties.

79.     The aforesaid contract was supported by good and adequate consideration.

80.     Plaintiffs and the members of the Class fully performed all of the duties and obligations imposed upon them pursuant to their contract with defendants.

81.     The conduct of defendants, in failing to pay the Plaintiffs and the members of the Class all of the overtime wages due to them and other benefits, constitutes a breach of the contract between the parties.

82.     Therefore, Plaintiffs and the Class demand that they be paid overtime compensation, as required by the PMWA, 43 P.S. § 333.101, et seq. and the WPCL, 43 P.S. § 260.3, for every pay period they were not paid overtime and demand reimbursement for charges, expenditures or losses incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, plus return of all other coerced investments in the business of the employer, including their investment of time, during the Class period until the date of entry of judgment plus interest and attorneys fees.

## COUNT V
## PENNSYLVANIA COMMON LAW
### (UNJUST ENRICHMENT)

83.     Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

84.     Defendants have retained for themselves the wages due and owing to the plaintiff and the Class resulting from overtime hours worked contrary to federal and Pennsylvania law and resulting from expenditures charged to and incurred by Plaintiff and the Class in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, contrary to Pennsylvania law.

85.    Defendants have wrongfully failed, neglected and refused to pay to the Plaintiff and the Class all sums due to them as a result of which defendants have been unjustly enriched.

## COUNT VI
## PENNSYLVANIA COMMON LAW
### (GENERAL ASSUMPSIT)

86.    Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

87.    Plaintiffs and the Class performed services, work and labor for Defendants for which Defendants agreed to pay in accordance with federal and Pennsylvania law.

88.    Defendants failed to pay Plaintiff and the Class in accordance with federal and Pennsylvania law for the services, work and labor performed by them for defendants.

89.    Instead, defendants have retained and appropriated for itself the payments due and owing to the Plaintiff and the Class resulting from overtime hours worked and expenditures charged to and incurred by Plaintiff and the Class in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, contrary to federal and Pennsylvania law.

90.    Defendants are indebted to Plaintiff and the Class for the services, work and labor performed by Plaintiff and the Class and for money had and received by defendants for the use and benefit of Plaintiff and the Class during the Class period until the date of entry of judgment plus interest and attorneys' fees.

## COUNT VII
## PENNSYLVANIA COMMON LAW
### (QUANTUM MERUIT)

91.    Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

92.    Plaintiffs and the Class loyally and conscientiously served as employees of the defendants.

93.    Plaintiffs and the Class created value and good will for the Defendants and generated substantial income for the Defendants.

94.     The Defendants knew or should have known that Plaintiff and other members of the class were to be fully paid for the work they performed, including overtime.

95.     The Defendants did not pay Plaintiff and the Class overtime earned and accrued for the work they performed for the Defendants.

96.     Accordingly, Plaintiff and the Class are entitled to money damages equal to the reasonable value of the labor provided to Defendants, plus interest and attorneys fees.

**COUNT VIII**
**[Violation of Fair Labor Standards Act – Retaliation]**

97.      Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

98.     Defendants willfully and unlawfully retaliated against Plaintiffs for their exercise of protected activities, namely, his complaining of not being compensated for the additional hours of overtime. In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of their rights.

99.     Defendants' conduct violated the FLSA §215.

100.     As a direct and proximate consequence of the Defendants' intentional, unlawful and outrageous conduct Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation and mental distress, pain and suffering.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court enter an order:

a.     certifying this action as a collective action pursuant to 29 U.S.C. § 216(b);

b.     ordering Defendants to promptly file with this Court and furnish to counsel a list of all names and addresses of all employees who have worked for Defendants during the past

three (3) years, and authorizing Plaintiff' counsel to issue notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty (40) hours in a week during the liability period, but were not paid overtime compensation as required by the FLSA;

      c.     adjudicating and declaring that Defendants' conduct as set forth above is in violation of the FLSA and the PMWA;

      d.     adjudicating and declaring that Plaintiff and similarly situated employees are entitled to minimum wages for the first 40 hours per week and overtime compensation for hours worked in excess of forty (40) hours per week;

      e.     awarding Plaintiff and similarly situated employees unpaid wages including unpaid minimum wages and overtime in an amount consistent with the FLSA and PMWA;

      f.     awarding Plaintiff and similarly situated employees liquidated damages in accordance with the FLSA and PMWA;

      g.     awarding Plaintiff and the Class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA and PMWA;

      h.     awarding Plaintiff for damages of being retaliated, according to FLSA;

      i.     awarding pre and post-judgment interest and court costs as further allowed by law;

      j.     granting Plaintiff and the Class leave to add additional Plaintiff by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

      k.     for all additional general and equitable relief to which Plaintiff and the Class may be entitled.

Dated: Flushing, New York

June 26, 2021

HANG & ASSOCIATES, PLLC

By: /s/ *Jian Hang*

Jian Hang, Esq. (ID # 319709)
136-20 38th Avenue Suite 10G
Flushing, New York 11354
Phone:  718.353.8588
Fax:      718.353.6288
e-mail: jhang@hanglaw.com
*Attorneys for Plaintiffs*

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by DJ Kitchen LLC dba DJ Kitchen Lan Zhao, John Chen and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid overtime and minimum wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Xiao Ying Luo
Full Legal Name (Print)

Xiao Ying Luo
Signature

2/6/2021
Date

18

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

     I am an employee currently or formerly employed by DJ Kitchen LLC, Lan Zhao, and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

YONG DU
_____
Full Legal Name (Print)

YONG DU
_____
Signature

05/22/2021
_____
Date